UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MAUREEN A. MERKLE | : |
| VS. | : NO. 3:02CV2241(PCD) |
| CONNECTICUT JUDICIAL BRANCH | : NOVEMBER 14, 2003 |

## PLAINTIFF'S SECTION C PREPARATION ORDER COMPLIANCE

**I.   Trial Counsel**

Norman A. Pattis
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
Tel:    203.562.9931
Fax:    203.776.9494

**II.   Jury Case**

The plaintiff requests trial by jury.

**III.   Trial Time**

The plaintiff estimates that her case will take 3 to 3.5 days to present. The defendant expects to present its case in two days.

**IV.   Magistrate Judge**

The plaintiff consents to a trial before Magistrate Judge Joan G. Margolis.

V.  **Further Proceedings**

The plaintiff does not anticipate further proceedings prior to trial.

VI. **Settlement**

The plaintiff is amenable to settlement discussions.

VII. **Defendant's Stipulation of Facts.**

**In response to defendant's B1 submission.**

A. During all times mentioned in this action, the plaintiff was, and still is, an adult citizen of the United States residing in the State of Connecticut. She is a female.

The plaintiff agrees.

B. During all times mentioned in this action, the defendant was and is a branch of the government of the State of Connecticut. It is and at all relevant times was an employer within the meaning of the aforesaid statutes and at all relevant times employed more than five hundred individuals.

The plaintiff agrees.

C. The plaintiff has been a professional court security officer for more than sixteen years. She was first employed as a Deputy Sheriff in November of 1986 and served as such, handling all aspects of court security, until July of 1993. At that time, she became the first woman in Connecticut promoted to the position of Captain in the

Sheriff's Department. As such, she directed and supervised deputy sheriffs in the performance of their duties regarding all aspects of court security. She held that position until the abolition of the High Sheriffs at the end of 2000. Her last position as Sheriffs Captain was as head of courthouse security at the Milford Courthouse.

The plaintiff agrees.

D. When the Connecticut Marshal office was established within the Connecticut Judicial Branch on December 1, 2000, the plaintiff was appointed Temporary Chief Judicial Marshal and as such directed and supervised the thirty judicial marshals in the two courthouses in the Ansonia/Milford Judicial District. Her responsibilities included, as they did when she was the Sheriffs Captain, planning and coordinating courtroom security and prisoner transportation, overseeing the detention, control, and custody of prisoners, developing and implementing operational policies and procedures, employee relations, progressive discipline, assisting in staffing, training and budgeting, preparing statistical and operational reports, and overseeing all facets of operations to insure conformance to safety and security standards.

The plaintiff agrees.

E. The plaintiff applied for and was considered for the position of permanent Chief Judicial Marshal for the Ansonia/Milford Judicial District.

The plaintiff agrees.

F. The plaintiff was called in for a formal interview for this position on May 10, 2001. A panel of judges, all of whom were male, conducted the interview. Nancy Kierstead, the Trial Court Administrator for the Judicial District, was also present.

The plaintiff agrees.

G. The plaintiff contacted Ms. Kierstead and asked her if she had received any information concerning who was to receive the position and she informed the plaintiff that she had not been advised.

The plaintiff agrees.

H. Shortly after May 15, 2001, the plaintiff received a letter from Judge Ronan, who was one of the male judges who interviewed her. The letter stated that someone else had been selected for the position.

The plaintiff agrees.

I.

10. The only other woman who had been a Sheriffs Captain, and who had been made Temporary Chief Judicial Marshal when the system changed, also

was denied the position of Chief Judicial Marshal in her Judicial District (Stamford/Norwalk) and the position also was given to a male.

11. There are no female Chief Judicial Marshals in the State of Connecticut and no female ever has held that position.

## VIII. Proposed Findings of Fact

In response to defendant's B2 submission.

A-H.  The plaintiff agrees with these proposed findings of fact and is prepared to so stipulate.

I.  Plaintiff did not perform as well in the interview as the other candidates.

The plaintiff contends this is pretextual, and will establish this through cross examination of Judges Ronan, Arnold, Moran, Kaplan, Richards and Carroll. Each of these judges will be called in the plaintiff's case-in-chief.

J.  The candidates were scored during the interview[ ](sic) and ranked according to that score. The plaintiff's score placed her fourth out of the six persons interviewed.

The plaintiff admits that she was ranked fourth, but denies that the ranking reflects merit. She contends the scoring was subjective and pretextual, .and will establish this through cross examination of

           Judges Ronan, Arnold, Moran, Kaplan, Richards and Carroll. Each of these judges will be called in the plaintiff's case-in-chief.

K-L.    The plaintiff admits these proposed findings of fact.

M.    On or about June 6, 2001, the plaintiff was reassigned to the Derby courthouse due to the needs of the plaintiff.

       The plaintiff denies this and will establish it through her testimony, and the testimony of Louis Sperigno.

N.    When Louis Sperigno took over as Chief Judicial Marshal, he instituted several changes in security, including but not limited to changing the lighting in the cell block areas.

       The plaintiff admits changes in practices, but disagrees that these were changes in security. Testimony of plaintiff, Mr. Sperigno.

O.    Admit.

P.    On or about June 25, 2001, plaintiff left her post and as a result was issued a counseling letter. A counseling letter is not a form of discipline within the Judicial Branch.

       The plaintiff admits she received a letter, but disagrees as to the characterization of the letter and its effect. Testimony of Sperigno, plaintiff.

Q.    The plaintiff was treated in the same manner as all other applicants during selection process for the Chief Judicial Marshall.

       The plaintiff was the only woman applicant and was contends that she was treated differently in a subjective scoring process. Testimony of Judges, Ronan, Arnold, Moran, Kaplan, Richards, Carroll.

  R.    The plaintiff has not been harassed or treated differently by the defendant and/or its employees.

       The plaintiff disagrees. Testimony of all witnesses.

## VIII. Claims of Law

In response to defendant's B3 submission.

  A.    Agree that the defendant has correctly stated the law.

       Disagree as to the defendant's prediction that she cannot meet her burden.

  B.    Disagree as the claim that the state has not waived its immunity under the Eleventh Amendment.

       The defendant has not cited binding authority, and the plaintiff knows of none, for the theory asserted by the defendant.

## IX. Proposed Exhibits

  A-G.    The plaintiff does not object to these exhibits.

  H-N.    Rating and scoring sheets.

       The plaintiff only objects subject to a foundation being laid as to the time and manner in which these exhibits were created.

  O-T. No objection.

  U. Plaintiff's Personnel File.

  The plaintiff does not object to such documents as may be necessary to compute damages, but reserves the right to object to other materials on grounds of relevancy and/or potential prejudice arising under F.R.E. 403.

**X.** **Jurisdiction**

Federal question.

**XI.** **Statement of the Case and Relief Sought**

  The plaintiff contends that she was discriminated against unlawfully on the basis of age and gender by being denied a position as Chief Judicial Marshal. The plaintiff seeks back pay and front pay, as well as emotion distress damages.

  The defendant denies any illegal acts, and asserts that it gave the position to another person because that person was better qualified for the job.

**XI.** **Jury Instructions**

  See attached.

THE PLAINTIFF

By _____
NORMAN A. PATTIS
51 Elm Street, Suite 409
New Haven, CT 06510
203.562.9931
203.776.9494 (fax)

**CERTIFICATION**

The foregoing was sent via facsimile this 14th day of November 2003

_____
NORMAN A. PATTIS