FILED
Nov 14 10 49 AM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

MAUREEN A. MERKLE           :

VS.                         :           NO. 3:02CV2241(PCD)

CONNECTICUT JUDICIAL BRANCH :           NOVEMBER 14, 2003

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

The plaintiffs respectfully request the court to charge the jury on plaintiff's claims as follows:

### TITLE VII CLAIM

The plaintiff claims that the defendant Judicial Branch violated his right to be free from discrimination at the work place under Title VII. To prevail on a claim of intentional discrimination under Title VII, the plaintiff must prove by a preponderance of the evidence that a defendant had a reason or motive to discriminate against him in the matter before this court. The plaintiff must prove, either directly or indirectly, that there is evidence of intentional discrimination. Direct evidence would include oral or written statements showing a discriminatory motivation for the defendant's treatment of him. Indirect or circumstantial evidence would include proof of a set of circumstances that would allow one reasonably to believe that gender or age was a motivating factor in the

defendants' failure to promote the plaintiff. [McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981); Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions § 104.03.]

The plaintiff is entitled to prevail in this case if he can show that gender discrimination was a motivating -- as opposed to determining -- factor in the challenged employment decisions or any one of them. [Devitt, etc., § 104.03.]

Direct evidence is evidence of remarks or actions that, if believed, directly prove that the plaintiff's membership in a protected class was a factor in the defendants' adverse employment decision. [Price Waterhouse v. Hopkins, 490 U.S. 228 (1989).]

To establish discrimination in failing to promote the plaintiff by using indirect evidence, the plaintiff must prove what is called a prima facie case of racial discrimination. To establish a prima facie case, the plaintiff must prove each of the following elements by a preponderance of the evidence: (1) that she was a member of a protected group; (2) that she sought and was qualified for the position in question; (3) that a position was open; and (4) that despite her qualifications he was not considered for the position; (5) that the failure of the defendants consider the plaintiff was motivated by considerations of gender and/or age. [McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Legrand v. Trustees of University of Arkansas, 821 F.2d 478 (8th Cir. 1987), cert. denied,

485 U.S. 1034 (1988); Blackwell v. Sun Electric Corp., 696 F.2d 1176 (6th Cir. 1983); Cockrham v. South Central Bell Telephone Co., 695 F.2d 143 (5th Cir. 1983); Meiri v. Dacon, 759 F.2d 989 (2d Cir.), cert. denied, 474 U.S. 829 (1985); Geisler v. Folsom, 735 F.2d 991 (6th Cir. 1984); Robinson v. Arkansas State Highway & Transportation Commission, 698 F.2d 957 (8th Cir. 1983); Lerma v. Bolger, 689 F.2d 589 (5th Cir. 1982).]

## DAMAGES

There are two kinds of damages that you may consider. The first is compensatory damages: a sum of money that will fairly, adequately and reasonably compensate a person for harm proximately caused by another's conduct. You may consider any dollar loss suffered, such as for medical expenses or lost wages, as well as a reasonable amount to compensate for any pain, suffering, or embarrassment which you find to have occurred. You may also, if you find it warranted, award the plaintiff only "nominal" damages, of One Dollar ($1.00) or more. In fact, you may not award more than nominal damages unless the plaintiff has demonstrated actual injury as I have defined it. The law does not recognize an abstract or inherent monetary value for a constitutional right.

In awarding damages in this case you should not be concerned by the attorney's fees to which the plaintiff's attorneys may be entitled for handling this lawsuit. That is a matter for this Court to consider, and may be awarded over

and above damages awarded by the jury to the plaintiff. The fees to which the plaintiff's attorneys may be entitled for handling this lawsuit are not a proper element of damages and may not be a part of your deliberations.[Lorillard v. Pons, 434 U.S. 575 (1978); Faris v. Lynchburg Foundry, 769 F.2d 958 (4th Cir. 1985); Blum v. Western Electric Co., 731 F.2d 1473 (10th Cir. 1984); Bodner v. Haeckel, Civil No. N-86-338 (JAC); Adams v. Doehler-Harvis, 144 Mich. App. 764 (1985); Freeman v. Kelvinator, Inc., 569 F. Supp. 999 (E.D. Mich. 1979)].

THE PLAINTIFF

By_____
NORMAN A. PATTIS
51 Elm Street, Suite 409
New Haven, CT 06510
203.562.9931
203.776.9494 (fax)

## CERTIFICATION

The foregoing was sent via facsimile this 14th day of November 2003.

_____
NORMAN A. PATTIS