UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MAUREEN MERKLE,<br>*Plaintiff* | : CIVIL NO. 3:02CV02241 (PCD)<br>:<br>: |
| v. | : |
| STATE OF CONNECTICUT<br>JUDICIAL BRANCH<br>*Defendant* | :<br>:<br>: NOVEMBER 10, 2003 |

### DEFENDANTS' PROPOSED JURY INSTRUCTIONS

### TITLE VII CLAIM AGAINST DEFENDANT
### STATE OF CONNECTICUT JUDICIAL BRANCH

**A.    Discrimination Based on Gender.**

**Purpose of the Statute**

Title VII prohibits employers from refusing to hire, discharge from employment or discriminate against individuals on the basis of gender, color, sex, national origin and religion.[1] The purpose of Title VII is to prevent discrimination in the workplace. Under the "disparate treatment of discrimination" theory, the plaintiff/employee claims that she has been treated less favorably than other similarly situated employees because of her gender. The plaintiff/employee must then prove that the defendant/employer acted with discriminatory animus.

---

[1] Authority:  42 U.S.C. §2000e-2(a).

**Burden of Proof**

The burden of proof is as follows. First, the plaintiff must establish that: (1) she is a member of a protected class; (2) she has applied for and was qualified for the position or benefits sought; and (3) she suffered an adverse employment action, (4) under circumstances giving rise to an inference of discrimination. The burden then shifts to the defendant to present a legitimate, nondiscriminatory reason for its decision.[2] If the defendant asserts a legitimate, nondiscriminatory reason for its decision, the burden shifts back to the plaintiff to prove that the defendant's stated reason for its decision was merely a pretext for discrimination.[3] The plaintiff must prove that the actual reason was an unlawful, discriminatory reason.[4]

**Preponderance of the Evidence Standard**

To prevail on a claim of intentional discrimination, the plaintiff must prove by a preponderance of the evidence that the defendant had a reason or motive to discriminate against her. "Preponderance of the evidence" means evidence that has more convincing force than that opposed to it. If the evidence is so evenly balanced that you are unable to say that the evidence on either side of an issue preponderates, your finding on that issue must be against the party who had the burden of proving it.

---

[2] Authority: <u>McDonnell Douglas Corp. V. Green</u>, 411 U.S. 792 (1973); <u>Austin v. Ford Models, Inc.</u>, 149 F.3d 148, 152 (2d Cir. 1998).

[3] Authority: <u>McDonnell Douglas Corp. V. Green</u>, 411 U.S. 792 (1973); <u>Austin v. Ford Models, Inc.</u>, 149 F.3d 148, 152 (2d Cir. 1998).

[4] Authority: <u>St. Mary's Honor Ctr. V. Hicks</u>, 509 U.S. 502, 507-08 (1993) ; <u>Brennan v. Metropolitan Opera Ass'n., Inc.</u> 192 F.3d 310, 317 (2d Cir. 1999).

The plaintiff must prove, either directly or indirectly, that there is evidence of intentional discrimination. Direct evidence would include oral or written statements showing a discriminatory motivation for the defendant's treatment of the plaintiff. Indirect or circumstantial evidence would include proof of a set of circumstances that would allow one to reasonably believe that gender was a motivating factor in the defendant's treatment of the plaintiff.

### Direct Evidence of Disparate Treatment

Direct evidence is evidence of remarks or actions that, if believed, directly prove that the plaintiff's gender was a factor in the defendant's actions in not choosing the plaintiff for position of Chief Judicial Marshal other decisions from which the plaintiff claims she suffered some adversity.

### Indirect Evidence of Disparate Treatment

In this case, the plaintiff must prove by a preponderance of her evidence that her gender was a motivating factor in the defendant's decisions. The plaintiff's gender was a motivating factor if you find that it played an impermissible role in the defendant's decision, even though other factors may have also played roles in that decision.

You must consider any legitimate nondiscriminatory reason or explanation stated by the defendant for its decision. If you find that the defendant has stated a valid reason, then you must decide in favor of the defendant unless the plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason but is only a pretext or excuse for discriminating against the plaintiff because of her membership in a protected class.

3

If you determine that plaintiff's gender was a motivating factor in the claimed adverse decisions of the Judicial Branch, you must find for the plaintiff. If, on the other hand, you find that plaintiff's gender was not a motivating factor in the decisions, you must find for the defendant Judicial Branch.

### Pretext

The plaintiff can attempt to prove pretext directly by persuading you by a preponderance of the evidence that her membership in a protected class was more likely the reason for the defendant's adverse employment decision than the reason stated by the defendant. The plaintiff can also attempt to prove that the defendant's stated reason for its employment decisions regarding plaintiff is a pretext by persuading you that it is just not believable.

When you consider the plaintiff's evidence that the reason advanced by the defendant is a pretext, keep in mind that the relevant question is whether the defendant's reason was not the real reason for its action(s). The question is not whether the defendant's reason showed poor or erroneous judgment. You are not to judge the defendant's wisdom. The defendant would be entitled to make its decision for a good reason, a bad reason or for no reason at all, so long as the decision was not motivated by unlawful discrimination. However, you may consider whether the defendant's reason is merely a cover-up for discrimination. You should also carefully evaluate any subjective reasons the defendant has asserted for taking the action(s) against the plaintiff that it did in deciding whether the plaintiff has met his burden of proof.

4

However, it is not enough for the plaintiff simply to prove that the defendant's stated reason for its decision was not the true reason. The reason for this is that the plaintiff always must prove by a preponderance of the evidence that she was treated differently because of her gender. Therefore, even if you decide that the defendant did not truly rely on the stated reason for its policies, you cannot decide in favor of the plaintiff without further evidence that the defendant relied instead on the plaintiff's gender.

### Defendant Employer's Business Judgment

As you consider the evidence you must keep in mind that the employer's business judgment is not the issue in this case, but rather you must focus solely on the employer's motivation for its action.[5] The plaintiff must show more than that the defendants made unwise business decisions or unnecessary personnel moves, or acted arbitrarily. Good faith errors in an employers' business judgment are not, standing alone, evidence of discrimination.[6]

### Remedies Under Title VII: Generally

If you find in favor of the plaintiff on any of her claims under Title VII, then you must consider the issue of damages. I will now instruct you on the laws that govern your determination of damages. Bear in mind the fact that I am instructing you on the elements of

---

[5] Authority: Blake-McIntosh v. Cadbury Beverages, Inc., 1999 U.S. Dist. LEXIS 16550 (D.Conn. 1999); Gray v. New England Tel. and Tel. Co., 792 F.2d 251, 255 (1st Cir. 1986).

[6] Authority: Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 259, 101 S.Ct. 1089 (1981); Scaria v. Rubin, 117 F.3d 652, 655 (2d Cir. 1997); Dister v. Continental Group, Inc., 859 F.2d 1108, 1116 (2d Cir. 1988), Meiri v. Dacon, 759 F.2d 989, 995 (2d Cir.), cert denied, 474 U.S. 829 (1985); Smith v. Monsanto Chemical Co., 779 F.2d 719, 723 n.3 (8th Cir. 1985) cert. denied, 475 U.S. 1050 (1986);

damages does not mean that I have any opinion on whether or not the defendants should be held liable. I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.[7]

Title VII provides that if the court finds that the defendant Judicial Branch has intentionally engaged in or is intentionally engaging in an unlawful employment practice, the court may enjoin the defendant from engaging in such unlawful practice and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay, or any other equitable relief as the court deems appropriate.

## Compensatory Damages Under Title VII

If you find that the plaintiff has proven any or all of her claims, then you must decide what type of damages, if any, the plaintiff should receive, and how large a payment, if any, she deserves. The fact that I am instructing you concerning damages does not mean that I have any opinion as to whether the defendant should, in fact, be held liable or whether the plaintiff has suffered any actual harm. You must enter separate amounts for each type of damages, if any, on the verdict forms and must not include the same items in more than one category.

In this matter you may award what is known as compensatory or actual damages, and it is meant to cover lost pay and benefits, medical expenses, other financial harm, and physical and emotional suffering. In weighing the issue of compensatory damages, you must ask yourselves

---

[7] Authority: Adapted from 4 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instruction 77-1 (September 1997).

6

two initial questions: First, has the plaintiff proven by a preponderance of the evidence that she suffered actual harm; and second, has she proven by a preponderance of the evidence that the defendant's illegal conduct proximately caused that harm? The defendant's actions can be considered a proximate cause of the harm claimed by the plaintiff, if they were a substantial factor in bringing about that harm. Conduct by a defendant that does not cause harm does not entitle a plaintiff to damages.

If you decide that the plaintiff has suffered specific harm due to the defendant's actions, then you must decide on the amount of money that will compensate her for this harm. It is for you, in the exercise of your best judgment, to say what is just and fair compensation, based on the damages proved by the plaintiff. There is no fixed formula for you to apply. However, you should not speculate or guess as to damages, and under no circumstances should you let sympathy, bias, or prejudice affect your consideration of the law and the evidence. While it is the plaintiff's burden to prove each element and item of damage by a preponderance of the evidence, he need not prove her damages with mathematical precision, but only with the degree of accuracy permitted by circumstances.

No amount of any compensatory damage award you make can be intended to punish the defendant. Federal law does not allow you to award punitive damages against the government or a government agency. Therefore, you may not award damages intended to punish the defendant.

## Mitigation

Any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages. The law imposes on an injured person the duty to take advantage of reasonable opportunities she may have to prevent the aggravation of her injuries, so as to reduce or minimize the loss or damage.

If you find the defendant is liable and that the plaintiff has suffered damages, the plaintiff may not recover for any item of damage she could have avoided through such reasonable effort. If the plaintiff unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny recovery for those damages which she would have avoided had she taken advantage of the opportunity.

Bear in mind that the question of whether the plaintiff acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts. Although the law will not allow an injured plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert herself unreasonably or incur unreasonable expense in an effort to mitigate, and it is the defendant's burden of proving that the damages reasonably could have been avoided. In deciding whether to reduce plaintiff's damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied its burden of proving that the plaintiff's conduct was not reasonable.

## ADDITIONAL REQUESTS

The defendants respectfully request leave to supplement their request for jury instructions after the evidence and prior to the charging conference. This request is made in an abundance of caution and on the theory that the defendant can not reasonably anticipate how the evidence will be presented and what instructions, in addition to the foregoing and accompanying legal issues, will be necessary to enable the jury to reach their verdict.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MAUREEN MERKLE,<br>*Plaintiff* | : CIVIL NO. 3:02CV02241 (PCD)<br>: |
| v. | : |
| STATE OF CONNECTICUT<br>JUDICIAL BRANCH<br>*Defendant* | :<br>: NOVEMBER 10, 2003 |

## DEFENDANT'S PROPOSED JURY VERDICT FORM

**Plaintiff's Cause of Action - Title VII**

**Defendant State of Connecticut Judicial Branch -**

1.  Did plaintiff Maureen Merkle prove that defendant State of Connecticut Judicial Branch violated her right to be free from discrimination in employment on the basis of gender?

    Yes _____   No _____

    If the answer to the preceding question is No, proceed no further.

2.  If the answer to the preceding question is Yes, do you find that the defendant State of Connecticut Judicial Branch actions in discriminating against plaintiff Maureen Merkle because of his gender were willful?

    Yes _____   No _____

10

4.  Did plaintiff Maureen Merkle prove that a violation of her right to be free from discrimination in employment on the basis of gender was the proximate cause of any mental, physical or emotional distress sustained by her?

Yes _____    No _____

5.  If the answer to the preceding question is Yes, what, if any, amount of money did plaintiff Maureen Merkle prove will fairly and reasonably compensate her for financial losses, mental, physical and/or emotional distress, keeping in mind my instruction on damages?

mental, physical and emotional distress?

$ _____

6.  If plaintiff Maureen Merkle has failed to prove actual damages, then do you find an award of one dollar in nominal damages appropriate?

Yes _____    No _____

## CERTIFICATION

I hereby certify that a copy Defendants' Proposed Jury Instructions and Defendant's Proposed Jury Verdict Form was overnight mailed this 10th day of November 2003, via Airborne Express, to the following counsel of record.

Elizabeth Brooks, Esq.
John Williams, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

Joseph A. Jordano
Assistant Attorney General